UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNELL NEALY,<br>             Plaintiff,<br><br>v.<br><br>WEBBANK,<br>             Defendant. | Case No.:  3:20-CV-1491 (FJS/ML) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Donnell Nealy ("Mr. Nealy"), by and through his attorneys, alleges the following violations of his federal consumer protection rights against Defendant WebBank ("WebBank").

**INTRODUCTION**

1.      Mr. Nealy's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

**JURISDICTION**

2.      Jurisdiction of this court arises under 47 U.S.C. §227 and 28 U.S.C. §1331.

3.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this District.

4.      Because WebBank's conduct was aimed at, the effects of their conduct was

suffered in, and they transact business in New York, personal jurisdiction is established.

## PARTIES

5.      Mr. Nealy is a natural person residing in Vestal, New York.

6.      WebBank is a Utah corporation and its principal place of business is located in Utah.

7.      WebBank can be served upon their registered agent Jones Waldo Holbrook & McDonough, located at 170 South Main, Ste 1500, Salt Lake City, UT 84101.

8.      WebBank acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.      In or around December 2019, WebBank began calling Mr. Nealy's cellular phone attempting to collect one or more alleged debts originating from a Gettington credit account.

10.     The calls mainly originated from the number (877) 915-0970.

11.     Upon information and belief, this phone number is owned, operated or controlled by WebBank or their agent(s).

12.     On or about December 27, 2019, Mr. Nealy answered a call from WebBank and spoke with a representative.

13.     After picking up the call, Mr. Nealy noticed an unusually long delay and recalls hearing a series of clicks, beeps or tones before the representative began speaking,

consistent with the use of an automatic dialing system.

14. The representative informed Mr. Nealy that WebBank was attempting to collect an alleged debt associated with a Gettington credit account.

15. After going through the identification process, Mr. Nealy informed the representative that he was unable to make a payment because his family was enduring a financial hardship. Mr. Nealy explained that his wife had been in a car accident and was forced to stop working, which dramatically decreased their household income.

16. Mr. Nealy instructed the representative to stop calling him and instead to communicate with him in writing, thereby revoking consent to be called on his cellular phone.

17. On or about January 8, 2020, Mr. Nealy received an email from WebBank, wherein WebBank acknowledged Mr. Nealy's revocation of consent and stated it would stop calling him.

18. Despite Mr. Nealy expressly asking WebBank not to call him and informing WebBank that he could not pay at the time, which WebBank interpreted as a revocation of consent and stated it would honor the revocation, WebBank began a harassment campaign by calling Mr. Nealy on his cellular phone relentlessly for five months, including on the weekends.

19. On or about May 10, 2020, Mr. Nealy answered another call from WebBank.

20. After picking up the call, Mr. Nealy noticed an unusually long delay and recalls hearing a series of clicks, beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

21. After going through the identification process, Mr. Nealy informed the representative that he was unable to make a payment.

22. Mr. Nealy then stated he had already asked WebBank to stop calling him and instructed the representative to stop calling him and instead to communicate with him in writing.

23. On or about May 13, 2020, Mr. Nealy received a second email from WebBank, wherein WebBank acknowledged Mr. Nealy's revocation of consent and implied WebBank would stop calling Mr. Nealy.

24. Between January 4, 2020 and May 13, 2020, WebBank called Mr. Nealy's cellular telephone no less than **ONE HUNDRED AND EIGHTY-SEVEN (187) times** after Mr. Nealy revoked consent and WebBank acknowledged such revocation.

25. WebBank called Mr. Nealy almost every day, including the weekends.

26. WebBank went as far as calling Mr. Nealy up to four (4) times in one day.

27. Upon information and belief, WebBank also called and texted, or attempted to call and text friends and family of Mr. Nealy with the intention that they would communicate to Mr. Nealy that WebBank was attempting to collect a debt from him, causing Mr. Nealy additional embarrassment and distress.

28. Upon information and belief, WebBank called Mr. Nealy and delivered prerecorded or artificial voice messages.

29. Upon information and belief, WebBank's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

30. WebBank is familiar with the TCPA.

31. WebBank' conduct was not only done willfully but was done with the intention of causing Mr. Nealy such distress, so as to induce him to pay the debt or pay more than he was able to.

32. Each and every one of WebBank' telephone calls caused Mr. Nealy distraction, annoyance, frustration, and temporary loss of use of him telephone line.

33. As a result of WebBank' conduct, Mr. Nealy has sustained actual damages including, but not limited to, stress, anxiety, embarrassment, anguish, severe emotional, physical and mental pain.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

34. Mr. Nealy incorporates by reference the foregoing paragraphs as though fully stated herein.

35. WebBank violated the TCPA. WebBank's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, WebBank violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to

      a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

  b. Within four years prior to the filing of this action, on multiple occasions WebBank violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party".

  c. Within four years prior to the filing of this action, on multiple occasions, WebBank negligently, willfully and/or knowingly called Mr. Nealy's cellular telephone using an prerecorded or artificial voice message, or an automatic telephone dialing system and, as such, WebBank negligently, willfully and/or knowingly violated the TCPA.

36. As a result of WebBank's violations of 47 U.S.C. §227, Mr. Nealy is entitled to declaratory judgment that WebBank's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every negligent violation, pursuant to §227(b)(3)(B). If the Court finds that WebBank knowingly and/or willfully violated the TCPA, Mr. Nealy is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Mr. Nealy hereby demands a trial by jury of all issues triable by jury.

# REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Donnell Nealy respectfully requests judgment be entered against Defendant WebBank for the following:

A. Declaratory judgment that WebBank violated the TCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Awarding Mr. Nealy any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 4th day of December 2020.

By: */s/ Santiago J. Teran*
Santiago J. Teran
NY Bar No. 5528906
Price Law Group, APC
1001 N Federal Hwy, Ste 349
Hallandale, FL 33009
C: (347) 946-7990
T: (818) 600-5586
F: (818) 600-5486
E: santiago@pricelawgroup.com

*Attorneys for Plaintiff*
*Donnell Nealy*